[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2008
THOMAS K. KAHN
CLERK

No. 07-15094
Non-Argument Calendar

_____

D.C. Docket No. 07-00085-CR-ORL-28-DAB

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TOMMIE J. QUINN,
a.k.a. The Stik,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 11, 2008)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Tommie J. Quinn appeals his 210-month sentence for receiving and distributing child pornography materials, in violation of 18 U.S.C. § 2252(a)(2), (b)(1). On appeal, Quinn argues that his sentence was unreasonable because the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors. Quinn contends that the court focused primarily on one § 3553(a) factor, the nature and circumstances of his offense, without also considering that he had not committed any crimes in the year prior to his self-surrender, that the doctor who examined him opined that he was not a pedophile, and that he had a history of depression.

After careful review, we find that Quinn's sentence was both procedurally and substantively reasonable. Gall v. United States, __ U.S. __, 128 S. Ct. 586, 597–98, 169 L. Ed. 2d 445 (2007); United States v. Agbai, 497 F.3d 1226, 1229 (11th Cir. 2007). The court correctly calculated the Guidelines' range and expressly stated that it had considered the § 3553(a) factors. Furthermore, in imposing the 120-month sentence—at the low end of the Guidelines' range—the court provided a reasoned basis for imposing Quinn's sentence. Thus, we affirm Quinn's sentence.

**AFFIRMED.**